THOMPSON, Presiding Judge,
concurring in part and dissenting in part.
I agree with the main opinion that the trial court was instructed on remand to determine only the tax due on receipts generated from the sale of tickets to pageants and concerts, because this court has already determined that other activities conducted by The National Peanut Festival Association, Inc., are not subject to taxation pursuant to § 40-9-1(12), Ala. Code 1975. I also agree with the main opinion that the revenue generated by the sale of tickets to pageants and concerts are subject to taxation. However, as I stated in my special writing in the original appeal of this case, Alabama Department of Revenue v. National Peanut Festival Ass’n, Inc., 11 So.3d 821, 834 (Ala.Civ.App.2008) (Thompson, P.J., concurring in part and dissenting in part), because it was initially unclear which Festival events and activities were exempt from taxation pursuant to § 40-9-1(12), I would not require the taxpayer to pay taxes on the revenue generated from concerts and pageants occurring before November 7, 2008, when this court issued its opinion clarifying which events and activities were subject to taxation.